MIN XIN YANG, aka Jane Nguyet Le, aka Jane Nguyet, Petitioner,

v.

Eric H. HOLDER, Jr.,* United States Attorney General, Respondent.

No. 07–3595–ag.

United States Court of Appeals, Second Circuit.

Nov. 18, 2009.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Theodore N. Cox, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Asst. Atty. General; Stephen J. Flynn, Senior Litigation Counsel; Karen Y. Stewart, Atty.; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Min Xin Yang, a native and citizen of the People's Republic of China, seeks review of an August 2, 2007 order of the BIA denying her motion to reopen. *In re Min Xin Yang,* No. A077 341 291 (B.I.A. Aug. 2, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008).

The BIA did not err in denying Yang's untimely motion to reopen. Contrary to Yang's argument that the BIA applied an incorrect legal standard, the BIA evaluated whether Yang demonstrated her *prima facie* eligibility for relief and considered the enforcement of China's family planning policy on both the local and national levels. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

Yang also argues that the BIA erred by finding that she failed to demonstrate her *prima facie* eligibility for relief. However, this argument fails because we have previously reviewed the BIA's consideration of evidence similar to that which Yang submitted and have found no error in its conclusion that such evidence is insufficient to establish a reasonable possibility of persecution. *See Jian Hui Shao,* 546 F.3d at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Moreover, contrary to Yang's contention, the record does not compellingly suggest that the BIA ignored any material evidence that she submitted in support of her motion to reopen. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006); *cf. Jian Hui Shao,* 546 F.3d at 172 (finding no error in the BIA's determination that evidence referencing the family planning policy's mandatory sterilization requirement does not indicate that such sterilization will be performed by force).

Finally, the BIA's determination that Yang was ineligible to file a successive asylum application was not erroneous. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156 (2d Cir.2008). Yang's equal protection and United Nations Protocol arguments are

also foreclosed by our decision in *Yuen Jin. See id.* at 158–59.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former